# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | | |
|---|---|---|---|
| **IN RE:** | **William Serkedakis** | : | **Case No.**:  05-86867 |
| | **Denise Serkedakis** | : | |
| | | : | CHAPTER 13 |
| | | : | |
| | **DEBTORS** | : | |

## FIRST AMENDED CHAPTER 13 PLAN

Extension (  )                                                                   Composition (X)

      **You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.     **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.     **Plan Payments and Length of Plan**. Debtor will pay the sum of $730.00 per month to Trustee by [X] Payroll Deduction(s) or by [  ] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1 325(b)(1)(B) and 1 325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

     The following alternative provision will apply if selected:

     (     ) IF CHECKED. Plan payments will increase by $_____ on _____, upon completion or termination of _____.

3.     **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4.      **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

     A.      **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

     B.      **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is $2,500.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $2,500.00 will be paid as follows:

          1.      $1,191.00, or such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, to be paid at the initial disbursement following confirmation of the plan.

          2.      $397.00 will be paid on a monthly basis until the fee is paid in full.  If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $2,500.00 from available funds.

5.      **Priority Claims.**

     A.      **Domestic Support Obligations.**

     None.

     B.      **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Cobb CO Tax Comm | $879.70 |

6.      **Secured Claims.**

     A.      **Claims Secured by Personal Property Which Debtor Intends to Retain.**

          i.      **Adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate

protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Monthly Adequate Protection Payments |
|---|---|---|
| Citifinancial | 1999 Chrylser 300M | $110.00 |
| HSBC Auto | 2002 Ford Explorer | $150.00 |

ii.    **Post-confirmation payments.** After confirmation of the Plan, equal monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

a.    **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| Citifinancial | 1999 Chrylser 300M | 11/29/04 | $9,370.43 | 8% | $110.00 step to $210.00 in July, 2007 |

| HSBC | 2002 Ford Explorer | 7/29/05 | $14,819.00 | 8% | $150.00 step to $287.00 in July, 2007 |
|---|---|---|---|---|---|

b.    **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

None.

c.    **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Projected monthly arrearage payment |
|---|---|---|---|
| AMerican General | SFDD | $2,500.00 | $0.00 step to $65.00 in July, 2007 |
| HFC | SFDD | $2,573.00 | $0.00 step to $65.00 in July, 2007 |
| Old Republic | SFDD | $700.00 | $0.00 step to $30.00 in July, 2007 |

B.    **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 3 62(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

None.

C.    The following claim will be paid as a general unsecured claim upon entry of an order avoiding lien and upon entry of an order sustaining an objection to the secured treatment of the claim:**REACHING AMERICA MARKET**

7.    **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $20,315.37. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $203.15 or 1% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.    **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

None.

9.    **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10.    **Other Provisions:**

A.    **Special classes of unsecured claims.**

B.    **Other direct payments to creditors.**

Date: February 27, 2006

_____/s/_____
Michael R. Rethinger, Bar No.: 301215

_____/s/_____
William Serkedakis

_____/s/_____
Denise Serkedakis